UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOE LENZIE TURNER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-00077-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for the Appointment of Counsel (Doc. 20). Petitioner indicates that he had made several inquiries of the Probation Office and that, in response to these inquiries, the Probation Office advised Petitioner to have his Attorney contact the United States Attorney's Office. However, Petitioner states that his prior counsel is no longer representing him. Therefore, Petitioner requests that the Court appoint counsel to resolve this issue.

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") *See also Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Petitioner and the Court

would benefit from the assistance of counsel. *Edwards v. Dwyer*, 2008 WL 222511 at *1 (E.D. Mo., January 25, 2008)(citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to Section 2255 (Doc. 3), the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Petitioner is clearly capable of articulating and presenting his claim. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Petitioner's motion should be denied without prejudice. Any requests for documentation or any inquires of the Probation Office should be filed in this case. The Court will review any such requests to determine if it is appropriate and necessary and, thereafter, issue an order in accordance with its determination.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Counsel (Doc. 20) is **DENIED without prejudice.**

Dated this 28th day of July, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE