UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOE LENZIE TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:14-CV-00077-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Joe Lenzie Turner's Amended and Supplemental Petitions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docs. 3, 12, 18.) The Government has responded. (Doc. 7.) For the following reasons, Movant's petition is **DENIED** and this action is **DISMISSED with prejudice**.

### I. Introduction and Background

On April 5, 2013, Movant pleaded guilty pursuant to a plea agreement to conspiring to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 1116 in *United States v. Turner*, No. 1:11-cr-103 (E.D. Mo. June 19, 2013)). During plea negotiations, the Government sent a letter outlining its position regarding Movant's sentencing calculations:

> [Movant] has two prior felony controlled substance convictions, which means that he faces statutory **mandatory life imprisonment** on Count I, if [the Government notifies the Court of both] prior drug convictions. The plea agreement terms for [Movant] include a guilty plea to Count I, as well as waiver of ... appellate rights, in exchange for the Government filing **only one** of [Movant's] two prior felony controlled substance convictions.

(Doc. 3-1 at PageID #: 51.) The letter continued, "The recommended total offense level is 37,

- 1 -

the criminal history category is estimated to be III, and the resulting advisory sentencing guidelines range is 262-327 months." (*Id.*) Finally, the Government contemplated that, in the event of Movant's future cooperation, "a sentence reduction request for a sentence less than 262 months may be made either at the time of sentencing—a [U.S.S.G. §5K1.1] motion, or after sentencing—a [Federal Rule of Criminal Procedure 35(b)] motion." (*Id.* at 52.)

A presentence report was prepared. (Doc. 1087 in *Turner*, No. 1:11-cr-103 [hereinafter PSR].) Movant was assigned a base offense level of 34 based on the quantity of drugs involved, a four-level increase for being an organizer or leader of the criminal activity, and a two-level increase for involving a minor in the offense, resulting in an adjusted offense level of 40. (*Id.* at ¶ 64-69.)

Because Movant had two prior felony drug convictions, he qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). (*Id.* at ¶ 70.) Ordinarily, career offenders convicted of crimes that carry a statutory maximum sentence of life in prison—like Movant—are subject to an automatic adjusted offense level of 37. U.S.S.G. §4B1.1(b). But because Movant was already subject to an adjusted offense level of 40, the greater level was retained. *Id.*; (PSR at ¶ 70).

After a three-level reduction for accepting responsibility, Movant's total offense level was 37. (PSR at ¶ 73.) Movant's career-offender classification also increased his criminal history category from IV to VI, which combined with his total offense level to yield a sentencing guidelines range of 360 months to life. (*Id.* at ¶ 115); U.S.S.G. §4B1.1(b).

Pursuant to the plea agreement, the Government filed notice of only one of Movant's prior drug convictions—which reduced the mandatory minimum from life in prison to 240 months—and moved the Court for a downward departure under U.S.S.G. §5K1.1 based on Movant's substantial assistance. (*See* Doc. 1105 in *Turner*, No. 1:11-cr-103.) The court

- 2 -

departed downward and imposed a below-guidelines sentence of 240 months in prison—the statutory minimum. (Doc. 1116 in *Turner*, No. 1:11-cr-103.) Movant did not appeal.

Movant then filed this § 2255 Petition and two supplements, raising the following grounds for relief:

(1) The presentence report was inaccurate insofar as it:

    (a) misclassified him as a career-offender;

    (b) erroneously applied the leadership-role and minor-involved enhancements; and

    (c) overstated his criminal history score;

(2) Trial counsel was ineffective for:

    (a) Failing to challenge the presentence report;

    (b) not seeking a downward departure under U.S.S.G. §4A1.3(b);

    (c) advising Movant to accept the plea agreement; and

    (d) advising Movant that he had no viable issues for appeal; and

(3) The prosecutor committed misconduct by:

    (a) selectively applying the leadership-role enhancement;

    (b) reneging on his promise to move for a downward departure based on Movant's substantial assistance at trial;

    (c) failing to correct Movant's career-offender classification in the presentence report; and

    (d) concealing from the court that Movant was eligible for a downward departure under U.S.S.G. §4A1.3(b).

(Docs. 3, 3-1, 16, 18, 29.) For its part, the Government argues that Movant waived his right to challenge the presentence report and that, in any event, the report was accurate, his counsel was

- 3 -

competent and the prosecutor acted professionally. (Doc. 7.) In addition, the Government asserts that, because Movant received the mandatory minimum sentence, he was not prejudiced by any potential error. (*Id.*) Movant responds that the mandatory minimum was based on stipulations in the plea agreement, which Movant accepted only because of counsel's ineffective assistance. (Doc. 3-1 at ¶ 26; Doc. 16 at ¶ 25.)

## II. Analysis

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Put simply, Movant argues that he should have received a lower sentence. He asserts that his presentence report misclassified him as a career offender, recommended enhancements that did not apply, and overstated his criminal history, that the prosecution was complicit in the errors, and that his counsel was ineffective for failing to challenge the inaccurate presentence report or object to the prosecution's misconduct.

### 1. <u>Inaccurate Presentence Report</u>

Movant challenges several aspects of his presentence report. A movant seeking habeas relief based on an inaccurate presentence report faces a steep uphill battle. "[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Id.* (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995)). The Eighth Circuit has theorized that a sentence based on inaccurate facts could support § 2255 relief, *see Poor Thunder v. United States*, 810 F.2d 817, 822-23 (8th Cir. 1987), but the

Court is unable to locate any case in which the Eighth Circuit held a guidelines error to be a complete miscarriage of justice cognizable under §2255. In any event, the Court concludes that Movant is not entitled to relief because his presentence report was not inaccurate.

### a. Waiver

As an initial matter, the government contends that Movant waived his right to collaterally attack the presentence report as part of the plea agreement. (Doc. 7.) "As a general rule, a defendant is allowed to waive appellate rights." *United States v. Snelson*, 555 F.3d 681, 685 (8th Cir. 2009) (quoting *United States v. Gray*, 528 F.3d 1099, 1102 (8th Cir. 2008)). When reviewing plea waivers, courts "must make two determinations: that the issue falls within the scope of the waiver and that both the plea agreement and the waiver were entered into knowingly and voluntarily." *Id.* (quoting *Gray*, 528 F.3d at 1102).

In his plea agreement, Movant waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including Title 18, United States Code, Section 3582 and Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Doc. 608 in *Turner*, No. 1:11-cr-103, at PageID #: 1776-77 [hereinafter Plea Agreement].) The government argues that this language precludes Movant's habeas ground regarding the Sentencing Guidelines. (Doc. 7 at 7-8.) In addition, the government argues that Movant waived review of his presentence report by failing to object at sentencing. (*Id.*)

The Court agrees. The waiver language in the plea agreement is clear and clearly covers Movant's sentencing grounds. Movant does not argue that he misunderstood the effect of the waiver or that he was coerced into accepting it. Moreover, by accepting the plea agreement, Movant stipulated to the career-offender classification and the presentence report calculations.

Further, Movant failed to preserve this issue by not objecting in the trial court. In short, the record supports a finding that Movant knowingly and voluntarily waived his right to challenge his sentence.

In response, Movant argues that the waiver is not binding because it was the result of ineffective assistance of counsel. (Doc. 16 at PageID #: 152.) Movant's waiver expressly allows for ineffective-assistance claims, and such an argument, if proven, might be sufficient to negate a waiver. *See United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc). Accordingly, to the extent Movant reframes the issue as an ineffective-assistance argument, the Court will consider Movant's sentencing grounds on their merits.

### b. Career-Offender Classification

Under U.S.S.G. §4B1.1(a), a defendant qualifies as a career offender if he was at least eighteen years old when he committed the underlying crime, the underlying crime is a felony drug offense, and "the defendant has at least two prior felony [drug crime] convictions." Movant's presentence report lists prior convictions for distribution of marijuana and distribution of crack cocaine—both felonies. (PSR at ¶ 78-79.)

Movant argues that his two prior crimes should be considered one prior conviction. He asserts that both "involved the same government informant, occurred in the same geographic and temporal proximity, [and were the subject of] a single criminal investigation." (Doc. 16 at ¶ 7.) He states that he "was investigated and subsequently arrested by the State of Missouri" for selling both marijuana and crack cocaine, but that the state elected to prosecute him only on the marijuana charge and passed the crack cocaine prosecution to federal authorities. (*Id.* at ¶ 10.) Therefore, he asserts, the convictions should not count separately.

But the Guidelines are clear on this point: Where, as here, "there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. §4A1.2(a)(2); U.S.S.G. §4B1.2, comment. (n3.). As Movant himself described, he was charged in two separate cases—one state and one federal—and the presentence report makes clear that the sentences were imposed on dates six months apart. (PSR at ¶ 78-79.) Thus, Movant's prior offenses count separately and he was correctly classified as a career offender.

Movant makes much of *United States v. Wallace*, No. 1:08-cv-134, 2011 WL 1594837 (E.D. Mo. Apr. 27, 2011), and its discussion of *King v. United States*, 565 F.3d 844 (8th Cir. 2010), but this case is easily distinguishable. In *Wallace*, the movant's second predicate crime— possession with intent to distribute a controlled substance—was grouped pursuant to the Guidelines with a simple possession charge that did not qualify as a career-offender predicate. 2011 WL 1594837, at *3-4. Under the Guidelines, after the offenses are grouped, criminal history points are assigned based on the crime for which the defendant received the longest sentence. U.S.S.G. §4A1.2(a)(2). The defendant's presentence report assigned three additional criminal history points for the group, but because the trial court imposed identical sentences for both convictions, the habeas court could not determine which of the two crimes gave rise to the points and therefore could not determine whether the felony could be considered a career-offender predicate. *Wallace*, 2011 WL 1594837 at *5. Relying on the reasoning in *King*, the *Wallace* court held that the career-offender classification was improper in the face of such uncertainty. *Id.* (citing U.S.S.G. §4B1.1, 4B1.2(c)).

In Movant's case, however, this issue simply does not arise; both of his predicate crimes were distribution charges, they were not grouped, and they were each assigned criminal history points. (PSR at PageID #: 8144-45.) The holding in *Wallace* is therefore inapposite.

### c. Leadership-Role Enhancement

Movant next argues that his presentence report erroneously applied a four-level upward adjustment for being "an organizer or leader of a criminal activity" as contemplated by U.S.S.G. §3B1.1(a). Movant additionally complains that the enhancement was not applied to his codefendant, "who was equally or more culpable." (Doc. 3-1 at ¶ 15.)

The Court concludes that the enhancement was supported by the record. Courts must consider the following factors in determining whether a defendant performed a leadership role:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. §3B1.1, comment. (n4.). The plea agreement describes Movant as collecting money from coconspirators to purchase drugs, paying the supplier, sourcing a new supplier when his previous one was apprehended, accepting or directing others to accept deliveries of drugs, dividing the drugs into sellable quantities and distributing them to coconspirators, and using the car wash he operated as a meeting place and distribution point. (Plea Agreement at PageID #: 1769-73.) Those facts sufficiently support a leadership role enhancement in Movant's case.

The Court rejects Movant's argument that the selective application of the leadership enhancement was unconstitutional. Movant cannot show that he was harmed by the application of a sentencing enhancement for which he clearly qualified. That others were not assigned the

enhancement does not change the applicability of the enhancement to Movant and therefore its application was not a miscarriage of justice.

### d. Minor Involvement Enhancement

Movant also argues that the presentence report improperly applied a two-level upward adjustment under U.S.S.G. §2D(b)(14)(B)(i) (2013)[1] for knowingly involving an individual who was less that eighteen years old. (Doc. 3-1 at PageID #: 66-68.) The basis for this enhancement was the involvement of Movant's codefendant, Corey Turner, Jr., who was only sixteen when he joined the conspiracy. (PSR at PageID #: 8141.)

Movant argues that "[t]he Government incorrectly stated in its original version of the Movant's Presentence Report that Movant was [Turner, Jr.'s] Uncle." (Doc. 3-1 at PageID #: 67.) In reality, Movant and Turner, Jr., are second cousins. (PSR at PageID #: 8141.) Movant asserts that "the record does not support the Government's claim that Movant was aware of [Turner, Jr.'s] age at the time of the offense." (Doc. 3-1 at PageID #: 67.)

The Court finds this argument unavailing. The burden is on Movant to show that he is being held in violation of the Constitution or laws of the United States. *Sun Bear*, 644 F.3d at 704. His conclusory assertion that the record does not support the enhancement is insufficient, especially in light of his plea agreement—in which he expressly agreed to the enhancement— and the final presentence report—which accurately described the familial relationship. (Plea Agreement at PageID #: 1774; PSR at ¶ 56.) Moreover, it strains credulity to suggest that Movant was unaware that a sixteen-year-old coconspirator and family member was a minor; indeed, Movant never actually alleges that he did not know Turner, Jr., was under eighteen.

---

[1] Under the current Guidelines, this enhancement appears at §2D1.1(b)(15)(B)(i).

### e. Criminal History Score

Lastly, Movant asserts that the presentence report overstated his criminal history score. This argument is based on the same reasoning Movant used to challenge his career-offender classification: that his two prior felony drug convictions—which were each scored at three points—should only count as one prior conviction. (Doc. 3-1 at PageID #: 64-65.) He also cites the letter sent by the Assistant United States Attorney, in which it was estimated that his criminal history category would be III. (*See id.* at PageID #: 51.)

The Court concludes that Movant is not entitled to relief on this ground. First, Movant's prior convictions do count separately for the reasons discussed above, and second, Movant's career-offender classification automatically imposed a criminal history category of VI pursuant to U.S.S.G. §4B1.1(b). Thus any error in the computation of his criminal history points either in the presentence report or in the government's estimation was harmless.

### 2. **Ineffective Assistance of Counsel**

Movant next argues that his counsel was ineffective for failing to object to the inaccurate presentence report, not seeking a downward departure under U.S.S.G. §4A1.3(B)(1), advising Movant to accept the plea agreement, and telling Movant that he had no appealable issues.

To prove ineffective assistance of counsel, a movant must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard is "highly deferential." *Id.* at 689.

- 10 -

### a. Challenging the Presentence Report

Movant asserts that his counsel should have objected to the inaccuracies in his presentence report. (Doc. 301 at PageID #: 62, 65-70.) As discussed above, however, Movant was properly classified as a career offender, the enhancements did apply, and his criminal history category was not incorrect. The Court therefore concludes that counsel was not ineffective for failing to make those meritless objections. *See Lafler v. Cooper*, 566 U.S. 156, 167 (2012) ("Because the objection upon which his ineffective-assistance-of-counsel claim was premised was meritless, [Petitioner] could not demonstrate an error entitling him to relief.").

### b. Moving for a Downward Departure

Under U.S.S.G. §4A1.3(b)(1), defendants are eligible for a departure below the applicable guidelines range when "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Movant argues that §4A1.3(b)(1) applies to his situation and that his counsel was ineffective for failing to request the downward departure. The Court disagrees.

First, "[a] motion for downward departure may be made by the government, but not by the defendant." *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999). Counsel can hardly be held accountable for failing to do something he lacked the authority to do.

Moreover, the Court concludes that Movant was highly unlikely to receive the departure, even if the motion had been made. The application notes to §4A1.3(b) provide an example of a defendant who might qualify for the departure: "the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. §4A1.3, comment. (n.3). Movant's presentence

report lists multiple felony convictions arising out of a significant drug ring which sold both marijuana and crack cocaine. (PSR at PageID #: 8143-45.) The instant offense is yet another significant conspiracy to distribute drugs, which Movant was actively running while on supervised release from an earlier federal conviction for a substantially similar crime. In any event, because Movant was sentenced to the mandatory minimum term, a downward departure would have had no effect on his sentence.

### c. Accepting the Plea Agreement

Movant asserts that he was prejudiced by his counsel's advice to accept the plea agreement, especially because it stipulated to drug quantity and therefore set the mandatory minimum at 240 months. (*See* Plea Agreement at PageID #: 1767-68.) "[I]n order to satisfy the 'prejudice' requirement" in the specific context of a plea agreement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Nowhere in Movant's filings can the Court find any declaration that he would have insisted on going to trial. The closest Movant comes is asserting that, "had he not been erroneously advised by Counsel that he qualified as a career offender[, h]e would have never agreed to the classification as a career offender." (Doc. 16 at ¶ 42.) But Movant does not challenge the drug quantity or even his underlying guilt; he argues only that he was the victim of a misapplication of the Sentencing Guidelines, which the Court has already determined were correctly applied. He therefore fails to show that counsel was ineffective for advising him to accept the plea agreement and its included stipulations. This is particularly true in light of the overwhelming evidence of Movant's guilt.

d. Foregoing Appeal

Lastly, Movant argues that counsel's advice that he had no appealable issues was objectively unreasonable. (Doc. 3-1 at PageID #: 68-69.) He identifies three issues that he could have raised on appeal: the misapplication of the career-offender classification; the absence of a U.S.S.G. §4B1.3 motion; and the sentencing court's failure to properly consider the 18 U.S.C. § 3553(a) factors in determining his sentence. (*Id.* at PageID #: 68.)

Movant's first two would-be appellate issues are meritless for the reasons discussed above, and therefore he was not prejudiced by counsel's advice to forego them. Further, because Movant was sentenced to the statutory mandatory minimum term, there would have been no basis on appeal to remand the case for resentencing based on his third proffered issue. The Court therefore concludes that counsel's advice regarding appeal was not objectively unreasonable.

### 3. Prosecutorial Misconduct

In his last habeas ground, Movant argues that the prosecution violated his constitutional rights by selectively applying the leadership-role enhancement, failing to request a downward departure based on Movant's substantial assistance, not correcting inaccuracies in the presentence report, and concealing Movant's eligibility for a U.S.S.G. §4A1.3(b) departure. (Doc. 3-1 at PageID #: 62-64.)

"As a general rule, 'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process.'" *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (alteration in original) (quoting *Louisell v. Dir. of Iowa Dep't of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)).

a. Leadership-Role Enhancement

As noted above, the leadership-role enhancement was appropriate in Movant's case, and the Court concludes that the prosecutor's decision to seek the enhancement was not improper. As a rule, the government retains significant discretion in deciding whom to prosecute and how, and that discretion extends to decisions regarding sentences. *United States v. Buckendahl*, 251 F.3d 753, 763 (8th Cir. 2001) (citing *United States v. Deitz*, 991 F.2d 443, 448 (8th Cir. 1993) ("The Guidelines were not meant to infringe upon the usual discretion of the executive branch.")).

Further, the ultimate decision to accept or reject any enhancement rests with the Court, not the prosecution. It therefore cannot be said that the prosecution's support for the enhancement rendered Movant's conviction fundamentally unfair. Liberally construed, *see, Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), Movant makes a similar argument that his codefendants should have been subjected to the minor-involved enhancement as well, (*see* Doc. 3-1 at PageID #: 67). That argument fails for the same reasons.

b. Substantial Assistance Request

Movant asserts that the prosecutor reneged on a promise to file a motion for a downward departure based on his substantial assistance. (Doc. 3-1 at PageID #: 63.) In support, he quotes from the letter the government sent in contemplation of an agreement:

> It is possible that should the Government need [Movant] to be a witness in some future proceeding and [Movant] agrees to cooperate in that manner, that a sentence reduction request for a sentence less than 262 months may be made either at the time of sentencing—a [U.S.S.G. §5K1.1] motion, or after sentencing—a [Federal Rule of Criminal Procedure 35(b)] motion.

(Doc. 3-1 at PageID #: 52.) As the government notes in its response, however, Movant was the beneficiary of a §5K1.1 motion. (Doc.1105 in *Turner*, No. 1:11-cr-103, at PageID #: 5136.) Still, Movant argues that the government failed to honor its promise to file a Rule 35 motion. (Doc. 18 at 9.)

But the prosecution never made such a promise. To the extent the letter even bound the government, the excerpt describes only a *potential* for a favorable motion, and, even then, does not obligate it to file *both* a §5K1.1 and Rule 35 motion. Indeed, the letter could just as reasonably be read to contemplate a single request of a form to be determined based on when it is made. Said differently, Movant has not shown that the government's request for a downward departure under §5K1.1 falls short of its alleged obligation. Therefore, Movant does not show that the government's failure to seek a second reduction, under Rule 35, rendered his conviction fundamentally unfair. The Court concludes that Movant is not entitled to relief on this ground.

### c. Career-Offender Classification

Once more, Movant challenges his career-offender classification, this time in the guise of a prosecutorial-misconduct claim, arguing that the government had an obligation to correct the presentence report. (Doc. 3-1 at PageID #: 62-64.) Again, the Court concludes that relief is not warranted because the classification was correctly applied.

### d. Downward Departure

Movant argues that the government also hid from the Court his entitlement for a downward departure under U.S.S.G. §4A1.3(b). As discussed above, however, prosecutors enjoy a great deal of discretion in whether and how to prosecute defendants and the government's decision not to seek a downward departure under §4A1.3(b) was eminently reasonable in light of Movant's criminal background. The Court therefore concludes that Movant is not entitled to relief on this or any of his prosecutorial-misconduct grounds.

### 4. **Harmless Error**

Finally, the Court concludes that any error caused by Movant's presentence report, prosecutorial misconduct, or ineffective assistance was harmless because Movant received the mandatory minimum sentence, consistent with the plea agreement. A defendant who receives

the statutory minimum sentence "has already received the most favorable sentence to which he is entitled by law." *United States v. Torres*, 409 F.3d 1000, 1004 (8th Cir. 2005). Under 21 U.S.C. § 841(b)(1)(A), a defendant who is convicted of conspiring to possess with intent to distribute five kilograms or more of cocaine hydrochloride "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years." Thus, even if Movant's presentence report contained errors and counsel had effectively challenged them, or the Prosecution had brought the errors to the attention of the Court, or the Prosecution had moved for a downward departure, Movant could not have received a more favorable sentence.

### III.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant Joe Lenzie Turner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 28th day of September, 2017.

                                                          */s/ John A. Ross*
                                                          JOHN A. ROSS
                                                          UNITED STATES DISTRICT JUDGE